U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 AUG -6  PM 3:36

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Rahama Aquil,
　　Plaintiff

vs.　　　　　　　　　　　　　　　　Civil Action No: 5:14-cv-136

Michael McLaurin,
　　Defendant

## COMPLAINT

### I. This is a Civil Rights Action.

Plaintiff Rahama Aquil is a Muslim woman originally from Somalia who lives in Burlington, Vermont. Defendant Michael McLaurin is a landlord who resides in Burlington, Vermont. Mr. McLaurin violated Rahama Aquil's federal civil rights under the Fair Housing Act of 1968 and the Civil Rights Act of 1866 because of Ms. Aquil's national origin, religion, and sex by engaging in a pattern of harassment against Ms. Aquil and her children. As a result of defendant's discriminatory actions, plaintiff suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; lost wages; costs; embarrassment; and emotional distress. Plaintiff seeks compensatory, dignitary, and punitive damages; an order requiring defendant to reinstate plaintiff's tenancy; an order requiring defendant to receive training about the prohibition against discrimination in housing; costs and attorneys' fees; and such other relief the Court deems just.

### II. Parties, Federal Jurisdiction, and Venue

A. Plaintiff Rahama Aquil is a Muslim woman of Somali descent who lives in Burlington, Vermont.

Vermont Legal Aid
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

1

B. Michael McLaurin is a resident of Burlington, Vermont.

C. The Court has jurisdiction over this matter because defendant violated plaintiff's civil rights under the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601, et seq. and the Civil Rights Act of 1866, 42 U.S.C. §1981, §1982.

### III. Facts

1. Rahama Aquil is a refugee from Somalia who was forced to flee her home country, lived in many refugee camps, has witnessed atrocities, and has experienced significant trauma.

2. In August 2012, defendant Michael McLaurin rented to plaintiff Rahama Aquil an apartment located at 300 Manhattan Drive in Burlington, Vermont.

3. Throughout plaintiff's tenancy, defendant harassed plaintiff and her children by constantly coming to the apartment without notice or consent at all hours and for no apparent reason, pounding on the door and yelling at her and her children so that plaintiff and her children were in constant fear of defendant's next barrage.

4. Defendant also entered the apartment without notice or consent when plaintiff was not at home.

5. Throughout plaintiff's tenancy, defendant interrogated visitors to plaintiff's apartment asking why they were there and whether they had spent the night.

6. Defendant falsely reported to plaintiff's Section 8 case worker at Vermont State Housing Authority that plaintiff had unauthorized occupants living at the apartment, jeopardizing plaintiff's Section 8 voucher.

7. Defendant asked plaintiff to pay a $600 water bill that was his responsibility under the lease.

**Vermont Legal Aid**
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

8. Defendant repeatedly yelled at plaintiff, telling her to move out.

9. Because of defendant's harassment and intimidation and insistence that she move out of the leased apartment, plaintiff began looking for new housing.

10. Plaintiff worked as an hourly wage worker at a seniors' center.

11. Plaintiff's work schedule was irregular and she couldn't plan ahead to know when she would be available to see apartments.

12. Plaintiff was unable to look for and view apartments while working;

13. Plaintiff was so intimidated by defendant that she quit her job to spend more time looking for other housing and to be available to go see potential new housing.

14. On May 19, 2014 defendant served plaintiff with a notice of termination of tenancy effective July 1, 2014.

15. On or about June 11, 2014 defendant had plaintiff's car towed from the spot he had told her to park in.

16. Defendant refused to tell plaintiff where he had towed her car.

17. When plaintiff finally found out where her car had been towed, she had to pay $267.50 to release it from impound.

18. Upon information and belief, defendant engaged in these adverse acts and harassment because plaintiff is a single, Muslim woman who is originally from Somalia.

COUNT I: NATIONAL ORIGIN DISCRIMINATION

19. Plaintiff is of Somali ancestry.

20. Upon information and belief, defendant engaged in the unlawful acts described in paragraphs three through eight and fourteen through seventeen because plaintiff is from Somalia.

Vermont Legal Aid
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

21. As a result of defendant's discriminatory actions, plaintiff has suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and emotional distress.

### COUNT II: RELIGIOUS DISCRIMINATION

22. Plaintiff is Muslim.

23. Upon information and belief, defendant engaged in the unlawful acts described in paragraphs three through eight and fourteen through seventeen because plaintiff is Muslim.

24. As a result of defendant's discriminatory actions, plaintiff has suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and emotional distress.

### COUNT IV: SEX DISCRIMINATION

25. Plaintiff is a single woman.

26. Upon information and belief, defendant engaged in the unlawful acts described in paragraphs three through eight and fourteen through seventeen because plaintiff is a single woman.

27. As a result of defendant's discriminatory actions, plaintiff has suffered loss of civil rights; loss of dignity; harassment; humiliation, interference with property; costs; embarrassment; and emotional distress.

28. Plaintiff Rahama Aquil seeks the following relief:

   A. An order requiring defendant to reinstate plaintiff's tenancy;

   B. An order requiring defendant to return plaintiff's security deposit in full when she moves;

Vermont Legal Aid
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org

C.  An order requiring defendant to provide plaintiff a positive landlord reference to anyone who requests a reference.

D.  An order requiring that defendant receive a minimum of four hours of training from the Vermont Human Rights Commission, about tenants' civil rights and the obligation of landlords not to unlawfully discriminate;

E.  Compensatory, dignitary, and punitive damages for defendant's violations of plaintiff's civil and legal rights, and for the dignitary and emotional harm suffered by plaintiff as a result of those violations;

F.  Payment of plaintiff's costs, including attorneys' fees; and

G.  Other such relief as the Court deems just.

Dated in Burlington, Vermont July 1, 2014.

_____
By: Rachel A. Batterson, Esq.
Vermont Legal Aid, Inc.
P.O. Box 1367
Burlington, Vermont  05402
(802) 863-5620
rbatterson@vtlegalaid.org

**Vermont Legal Aid**
264 North Winooski Ave.
P.O. Box 1367
Burlington, VT 05402
(802) 863-5620
burlmail@vtlegalaid.org